IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:23-CR-394 |
| Plaintiff, | ) JUDGE MATTHEW W. MCFARLAND |
| v. | ) |
| DUNCAN RAY, | ) GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | ) |

Now comes the United States of America, by and through its attorneys, Rebecca C. Lutzko, United States Attorney, and Scott Zarzycki, Assistant United States Attorney, and hereby files this sentencing memorandum.  The government agrees with the offense level calculated by United States Pretrial Services (R. 29:  PSR, PageID 118-122) and respectfully requests that this Court sentence the defendant within the guidelines range specified in paragraph 127 of the presentence report.  (Id., PageID 134).

  A.  OFFENSE CONDUCT

On December 12, 2017, Duncan Ray was convicted of aggravated arson and burglary in Hamilton County and sentenced to six years in prison.  (Id., PageID 116).  While in prison, Ray sent a letter to the U.S. Secret Service Office in Cincinnati.  In the letter, received on July 21, 2022, he threatened to kill Secret Service Agents.  On July 27, 2022, he was interviewed by a Secret Service Agent and admitted to sending the letter.  He was advised not to send additional letters.  On August 15, 2022, Ray filed a motion for judicial release.  On October 7, 2022, his motion was denied by a Hamilton County Judge.

October 24, 2022, Duncan Ray sent a letter, via United States Postal Service to J.M.L. in Dayton, Ohio.  In the letter addressed "to whom it may concern," RAY claims he did a job for a construction company but was never paid the agreed upon $640,000 for completing the job. He

then demanded $740,000 ($640,000 for the unpaid job, plus $100,000 for whomever received the letter for helping him resolve the backpay) or he was going to kidnap, torture and murder specifically named people in the letter, including FBI Special Agents. (Id.).

On October 27, 2022, Duncan Ray sent a letter, via USPS mail to the Clerk of Courts in Cincinnati, Ohio. In the letter addressed to Judge W.C., RAY tells Judge W.C. he appreciated her mildly considering his motion for release. He then tells her that he will spare her life for $50,000. If she didn't pay, she would get murdered. He then tells her if she goes to the police, people are at risk. He then named specific people, including FBI special agents and Judge W.C. (Id., PageID 116-17).

Also on October 27, 2022, Ray sent a letter, to Hamilton County Prosecutor J.T.D. and Assistant Prosecutor K.S.K., RAY expressing his displeasure that J.T.D and K.S.K. opposed his motion for judicial release. He then gave them the choice of paying $50,000 each or they will be added to his list. He told them they will be murdered by his hands and will die a miserable death. He told them that if they go to the police, people's lives will be at risk. He named specific people, including FBI special agents and a state court judge.

On October 28, 2022, Ray sent a letter to Judge P.A.[G]. in Youngstown, Ohio. In the letter addressed to "Chief Judge P.A.[G].," RAY wrote in pertinent that the Judge must pay him $50,000 or she will be subjected to weeks of torture that will end by her being murdered by his hands. Ray also threatened that people would be murdered if the police are contacted. In the letter, he specifically named several intended victims, including FBI special agents, two federal judges and one state court judge.

  B.  PROCEDURAL HISTORY

On July 25, 2023, a federal grand jury returned an indictment charging Ray with four counts of Mailing Threatening Communications in violation of 18 U.S.C. § 875(b) (Counts 2-4) and § 875(c) (Count 1). (R. 1: Indictment, PageI 1-3).

On June 17, 2024, Ray pled guilty to the indictment without a plea agreement. (R. 29: PSR, PageID 115).

C. GUIDELINE CALCULATION

Defendant was charged with one count of Mailing Threatening Communications in violation of 18 U.S.C. § 875(c), and three counts of Mailing Threatening Communications in violation of 18 U.S.C. § 875(b). The following is the appropriate Guideline Computation contained in paragraph 15 of the Presentence Investigation Report. (R. 29: PSR, PagID 118-122).

| U.S.S.G. § 2B3.2: Mailing Threatening Communications (Count 1) | | |
|---|---|---|
| Base offense level | 12 | §2A6.1 |
| **Subtotal** | **12** | |

| U.S.S.G. § 2B3.2: Mailing Threatening Communications (Counts 2-4) | | |
|---|---|---|
| Base offense level | 18 | §2B3.2(a) |
| Specific offense characteristic: if offense involved an express or implied threat of death, bodily injury, or kidnapping | +2 | §2B3.2(b)(1) |
| Specific offense characteristic: greater of amount demanded or loss to the victim exceeds $20,000, increase by the corresponding number of levels from the table in §2B3.1(b)(7) -more than $20,000 less than $95,000 | +1 | §2B3.2(b)(2)/§2B3.1(b)(7)(D) |
| Adjustments: Official Victim | +3 | §3A1.2(a) |
| **Subtotal** | **24** | |

| Multiple Count Adjustment Guideline § 3D1.1 | | |
|---|---|---|
| Highest Group Offense Level | 24 | |
| Plus: Increase for Multiple Count Adjustment | +3 | § 3D1.4(a) |
| Acceptance of Responsibility | -3 | § 3E1.1(a) and (b) |
| **Total Offense Level** | **24** | |

3

With a criminal history category III and offense level 23, the guideline range would be 46-57 months prior to acceptance of responsibility.

## II.     SENTENCING FACTORS 18 U.S.C. § 3553(A)

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553 (a), which states:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Government requests that the court impose a sentence within the guideline range in order to protect the public from further crimes of the defendant, provide just punishment, and reflect the seriousness of the offense. In considering the factors in 18 U.S.C. § 3553(a), the government asks this Court to consider the nature and circumstances of the offense.

Ray threatened a number of people from state and federal agencies. The threats were in the form of mailed communications that went beyond merely threatening harm. In his letters Ray threatened to kidnap, torture, and kill government employees whom he believed wronged him. Ray used a degree of detail that is particularly troubling. In one letter to a Common Pleas Court judge, Ray threatened to lock the judge in a 5x5 steel box for weeks at time, denying fresh air and sunlight. (R. 29: PSR, PageID 116). In another letter to a Federal Judge, Ray threatened weeks of torture and murder by his own hands if the Judge refused to pay him $50,000. (Id, PageID 117). The government requests a guideline sentence because the guidelines take into account the nature of the offense as well as the particular offense characteristics of the offenses which include threats of great bodily harm or death to official victims accompanied by demands for money.

The defendant's history and characteristics, also justify a guidelines sentence. Ray has a history of minor criminal convictions leading up to 2017, which included disorderly conduct, menacing, criminal trespass and possession of drug paraphernalia. However, in December 2017, Ray was convicted of extremely serious offenses including aggravated arson and burglary. He was sentenced to six years in prison. In that case Ray and his accomplice set a mattress and a pile of garbage on fire near he rear exit of a structure causing serious harm to the occupants inside. (Id., PageID 124-25). The following day he and his accomplice stole items from a work site in a high rise building under construction, then lit fires on several floors causing hundreds of

thousands of dollars in damage. (Id., PageID 125). His criminal history justifies his criminal history category of III.

Ray's history and characteristics partially mitigate the very serious nature of the offense and his criminally history. According to the PSR, Ray had a "chaotic and unstable" childhood. (Id., PageID 127). He experienced abuse, trauma, poverty, and suffered from some physical limitations and mental and emotional issues. The guidelines fairly take all of the above into account. As such a sentence within the guidelines range of 63-78 months is appropriate for Ray.

### III. CONCLUSION

Based on the nature and circumstances of the offense and the defendant's history and characteristics, the Government respectfully requests this Court impose on Ray a sentence within the guideline range.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By: /s/ Scott Zarzycki
Scott Zarzycki (OH: 0072609)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3971/3709
(216) 522-8355 (facsimile)
Scott.Zarzycki@usdoj.gov